# CIRCUIT COURT OF BALTIMORE CITY.

Filed December 16, 1907.

ISAAC M. PRUZAN
VS.
LOUIS B. SONNEBORN ET AL.

*Bernard Cline* for plaintiff.
*F. W. Feldner, C. Alex. Fairbank* and *Jacob M. Moses* for defendants.

ELLIOTT, J.—

The bill in this cause was filed for the purpose of enforcing a specific performance of an agreement of sale entered into between the plaintiff and the defendant under date of February 24th, 1906.

A number of other parties have been made defendants, because the property alleged to have been sold by Sonneborn to Pruzan, was subsequently sold and deeded by Sonneborn to two of them, and the third is a building association, which at the time of the second sale made a loan upon the property. The additional defendants have been brought in, in order to charge them with an alleged notice of the first sale and secure a decree against them as well as against Sonneborn.

I will at once dismiss the bill as against these three defendants, both because I am not satisfied with the proof that they had actual notice of the previous sale, and also because even were they to be considered as having constructed notice previous to the actual transfer of the property tention the fact of an agreement of the sale on July 27th, 1906, such notice could only have brought to their attention the fact of an agreement of sale which under its express terms had expired more than four months before the agreement was recorded.

The question still remains, however, as to what relief the plaintiff, Pruzan, is entitled to as against Sonneborn.

This question is not altogether free of difficulty. The trouble, however, arises not from any ambiguity in the terms of the contract of sale, but rather from the conduct of the parties themselves. If the plaintiff had himself been free of fault I should have felt disposed to enforce a more extreme penalty against the defendant.

But the fact is that the purchase was a mere speculation on the part of Pruzan, who very evidently was depending rather on the exertions of Sonneborn, than upon his own to secure the money to complete the purchase, and but for the fact that Sonneborn evidently temporized with Pruzan's defaults, and left him good reasons to believe that the contract was still in force long after it had in accordance with its own terms expired, I should' not feel that the plaintiff was entitled to any relief whatever.

Inasmuch, however, as the plaintiff expended considerable money and expended it with the defendants' knowledge in the improvement of the property which improvements inured directly to the benefit of the defendant, I am clearly of the opinion that Louis B. Sonneborn should be required in good conscience to return to Isaac M. Pruzan the fifty dollars forfeit money, and the one hundred and three dollars, amount of expenditures for which the plaintiff produced vouchers, with interest of June, 1906.

I will therefore sign a decree dismissing the bill in this case, but requiring the payment by Louis B. Sonneborn to Isaac M. Pruzan, the sum of $153 with interest from June 1st, 1906, with a further provision that each party shall pay his own costs.